**Andrew WALTERS, Plaintiff,**

v.

**P. A. ESPERDY, District Director of the Immigration and Naturalization Service for the New York District, Defendant.**

United States District Court
S. D. New York.
Dec. 18, 1961.

———◆———

Fried & Mailman, New York City, for plaintiff.

Robert M. Morgenthau, U. S. Atty., for defendant. Roy Babitt, U. S. Special Asst. Atty., of counsel.

FREDERICK van PELT BRYAN, District Judge.

This action is brought to review an order of the Attorney General which denied plaintiff's application for suspension of deportation under § 244(a) (1) of the Immigration and Nationality Act, 8 U.S.C.A. § 1254(a) (1). Plaintiff seeks judgment: (1) declaring that decisions of the Special Inquiry Officer and of the Board of Immigration Appeals on which the order of the Attorney General was based are erroneous as a matter of law and void; (2) directing the deportation proceedings against him to be reopened to consider his application for a suspension on the merits; and (3) enjoining his deportation pending final determination of his application for suspension.

Plaintiff's application for suspension of deportation was denied on the ground that he was ineligible for such relief because he had been twice convicted of crimes in the Union of South Africa. Plaintiff contends that the findings as to these convictions were not supported by reasonable, substantial and probative evidence, and that the order based thereon was therefore erroneous as a matter of law.

The essence of plaintiff's claim is that the order of the Attorney General providing for his deportation would be withdrawn and he would not be deported if his application for suspension of deportation had not been improperly denied. He is seeking a review of the administrative determination which refused to suspend his deportation so that he can be relieved from the final deportation order outstanding against him.

Defendant now moves for an order transferring this case to the United States Court of Appeals for this circuit under § 5(b) of Public Law 87–301, 75 Stat. 650, approved September 26, 1961. This added new § 106 to the Immigration and Nationality Act, 8 U.S.C.A. § 1105a which in effect makes all final orders of deportation subject to review in the Court of Appeals for the judicial circuit in which the administrative proceedings took place or in which plaintiff resides.

Section 5(b) provides that the judicial review provisions take effect thirty

days after the bill is approved, that they apply without regard to the time that the alien entered the United States or to the time that the deportation proceedings took place, and that any judicial proceeding to review which is pending unheard in any district court on the effective date of the section shall be transferred to the Court of Appeals having jurisdiction.

The judicial review provisions of the Act took effect on October 26, 1961 and the case at bar was then pending unheard in the district court. The administrative proceedings were held in this district and the alien resides here.

The defendant maintains that this case necessarily involves the judicial review of a final order of deportation and that therefore under § 5(a) of Public Law 87–301 the case is no longer cognizable by this court but only by the Court of Appeals. While the plaintiff does not oppose the motion to transfer, the defendant has requested this court to rule on the motion since the question is one of first impression under the new statute.

Under the administrative system implementing § 242(b) of the Immigration and Nationality Act, 8 U.S.C.A. § 1252 (b), the Special Inquiry Officer before whom deportation proceedings are pending is authorized not only to determine deportability but to suspend deportation and authorize voluntary departure under §§ 244(a) and (e) of the Act. (8 U. S.C.A. § 1254(a) and (e)). The alien may apply for the discretionary relief of suspension of deportation or voluntary departure during the deportation hearings under § 242 (8 C.F.R. 242.16(e)) and the Special Inquiry Officer may make a decision both as to deportability and as to the application for discretionary relief. (8 C.F.R. 242.17). The defendant urges that suspension of deportation and the granting or withholding of voluntary departure form an integral part of the deportation proceedings and if an application for either is granted deportation would not be carried out.

Defendant therefore urges that the Court of Appeals necessarily has jurisdiction of actions for judicial review of orders made at deportation hearings by Special Inquiry Officers which deny suspension of deportation or voluntary departure since the order denying suspension permits deportation to proceed under the final order.

While the question is not free from doubt, the defendant has shown sufficient to justify transfer to the Court of Appeals at this juncture. In this case of first impression under the new statute, the Court of Appeals should have the opportunity to pass on the question of its own jurisdiction and the granting of the motion will place this question before it.

Defendant's motion to transfer is therefore granted.

Settle order on notice.